UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>EDWARD COLEMAN,<br><br>        Defendant. | Case No. 2:04-cr-00425-SB-4<br><br><br>ORDER DENYING MOTION FOR REDUCTION OF SENTENCE |

    Defendant Edward Coleman pleaded guilty to committing multiple violent crimes and was sentenced in April 2006 to serve an agreed-upon term of 312 months in custody, followed by 5 years of supervised release.  Dkt. No. 275.  In November 2023, the U.S. Sentencing Commission amended the sentencing guidelines to eliminate or reduce the additional criminal history points for offenses committed while under a criminal justice sentence, depending on the defendant's criminal history.  United States Sentencing Commission, Guidelines Manual App. C., Amdt. 821 (Supp. Nov. 2012–Nov. 2023) (modifying U.S.S.G. § 4A1.1).  The amendment applies retroactively.  U.S.S.G. § 1B1.10(d)–(e).  Based on this amendment, Coleman moves to reduce his sentence under 18 U.S.C. § 3582(c)(2).  The government opposes.  Because Coleman's criminal history category was based on his classification as a career offender and not on his criminal history points, he is ineligible for relief under Amendment 821, and the Court DENIES the motion.

I.

    Section 3252, which sets forth the process for reducing a sentence pursuant to a retroactive amendment to the sentencing guidelines, states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been

lowered by the Sentencing Commission pursuant to 28 U.S.C.
§ 994(o), upon motion of the defendant or the Director of the Bureau
of Prisons, or on its own motion, the court may reduce the term of
imprisonment, after considering the factors set forth in section 3553(a)
to the extent that they are applicable, if such a reduction is consistent
with applicable policy statements issued by the Sentencing
Commission.

18 U.S.C. § 3582(c)(2). Amendment 821 is "consistent with applicable policy statements issued by the Sentencing Commission." *See* U.S.S.G. § 1B1.10(d)–(e) (listing Amendment 821 as applying retroactively). Courts analyze 3582(c)(2) motions in two steps: first determining whether the application of the amendment would result in a reduced guideline range, and, if it does, then determining whether to reduce the sentence after considering the § 3553(a) factors. *Dillon v. United States*, 560 U.S. 817, 826 (2010).

Amendment 821 changes the calculation of a defendant's criminal history category for offenses committed while under a criminal justice sentence. Prior to the amendment, defendants who committed the charged offense while under a criminal justice sentence received two additional criminal history points. After the amendment, no additional criminal history points are added if the defendant has six criminal history points or less, and one additional criminal history point is added if the defendant has seven or more points. U.S.S.G. § 4A1.1(e). Generally, the total points determine a defendant's criminal history category, which is then applied to the offense level to determine the guideline range. *Id.* § 5A. But if a defendant meets the criteria for a career offender under § 4B1.1, then the criminal history category is VI regardless of the number of criminal history points. *Id.* § 4B1.1(a).

II.

The Court first analyzes whether the amendment reduces Coleman's guideline range. The guidelines instruct the court to determine the amended guideline range "that would have been applicable to the defendant if the amendment . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). The court "shall substitute only the [applicable amendment] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Id.* The guidelines generally prohibit a court from reducing a sentence below the amended guideline range. *Id.* § 1B1.10(b)(2)(A). And where

an amendment does not lower the applicable guideline range, a reduction in sentence is not authorized. *Id.* § 1B1.10(a)(2)(B).

In this case, Coleman's criminal history category was VI at sentencing because he is a career offender under § 4B1.1. Dkt. No. 487 ¶ 128. Thus, his criminal history points, which the application of Amendment 821 would have reduced from 12 to 11 (*see id.* ¶¶ 125–127), do not affect his guideline range. Amendment 821 did not change the career offender criteria. Coleman's amended guideline range is therefore no different from his original guideline range. Because the amendment does not have the effect of lowering Coleman's guideline range, a reduction is not authorized.[1]

Accordingly, the Court DENIES the motion.

Date: March 12, 2024

Stanley Blumenfeld, Jr.
United States District Judge

---

[1] Because Coleman is ineligible for relief under Amendment 821, the Court does not reach the issue of whether a reduction would be appropriate under the § 3553(a) factors, although it recently analyzed these factors in two orders addressing Coleman's motions for compassionate release. *See* Dkt. Nos. 600, 622.